UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DR. R. C. SAMANTA ROY INSTITUTE
OF SCIENCE AND TECHNOLOGY,

      Plaintiff,

  v.                                 Case No. 05-C-0423

JOURNAL BROADCAST GROUP, INC.,
d/b/a/ WGBA-TV, NBC 26,

      Defendant.

**MEMORANDUM AND ORDER**

      Unhappy with media reports about its activities, the Dr. R. C. Samanta Roy Institute of Science and Technology filed suit against the Journal Broadcast Group, Inc., a media holding company that owns a television station that aired some of those reports. Plaintiff accuses defendant of violating its civil rights and conspiring to violate its civil rights under 42 U.S.C. § 1981 and § 1985. Plaintiff also makes defamation, tortious interference with business expectancy, nuisance and trespass claims against defendant. Defendant has moved for judgment on the pleadings. In response to defendant's motion, plaintiff has abandoned its § 1985 claim, but opposes dismissal of the remaining claims. For the following reasons, defendant's motion will be granted.

      In light of plaintiff's abandonment of its claim under 42 U.S.C. § 1985, the sole remaining basis for federal jurisdiction alleged in the complaint is plaintiff's claim under 42 U.S.C. § 1981. Section 1981(a) states:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). Unlike 42 U.S.C. § 1983, this civil rights statute does not require state action; § 1981 reaches purely private acts of discrimination. *Runyon v. McCrary*, 427 U.S. 160, 170 (1976). To establish a claim against a private party under § 1981, plaintiff must prove (1) that it is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute. *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996). The right plaintiff claims was infringed here is its right to make and enforce a contract. There is no doubt that § 1981 "prohibits racial discrimination in the making and enforcement of private contracts." *Runyon v. McCrary*, 427 U.S. at 168.

The problem with plaintiff's complaint is that it fails to allege any facts from which it could be inferred the defendant acted with racial animus. The complaint alleges that Dr. R. C. Samanta Roy, the president of plaintiff's board of directors, "is an individual of East Indian descent and, therefore, racially belongs to a group that is ethnically and physiognomically distinct." (Compl. ¶ 4.) The complaint alleges conclusorily that "Dr. Roy's racial distinction . . . is the cause for the discriminatory acts of the Defendant" (Compl. ¶ 4) and that defendants' actions "were motivated by the racially and ethnically distinct background of Dr. Roy." (Compl. ¶¶ 15, 25.) In this area, however, such conclusory allegations are insufficient to survive even a motion for judgment on the pleadings under Rule 12. The Seventh Circuit has admonished plaintiffs that in order to state claims

2

under 42 U.S.C. § 1981 or 1985, they must allege "particularized facts . . . that demonstrate that . . . race was the reason for the defendant's [ ]action." *Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982). Plaintiff has not done so here. Its allegation in its response brief that defendant's broadcasts "refer to [Dr. Roy's] ethnic background" (Br. at 7) raises no inference of racial discrimination and does not cure the deficiencies in the complaint.

Plaintiff's complaint also fails to state a claim under § 1981 because it does not allege plaintiff was deprived of any right protected by that statute. The complaint essentially alleges that by making the plaintiff the focus of its newscasts and by defaming plaintiff, defendant has damaged plaintiff's business. As a result of defendant's coverage, plaintiff claims "[t]he businesses owned by plaintiff have been held up to ridicule and contempt by the public at large." (Compl. ¶ 20.) According to the complaint, this activity is "severely damaging and interfering with Plaintiff's business and banking relationships," and is "severely and adversely affecting and interfering with the Plaintiff's business relationships with vendors, suppliers, and other business associates and colleagues." (Compl. ¶¶ 22-23.) These are not the kind of losses § 1981 is intended to protect.

In *Phelps v. Wichita Eagle-Beacon*, 886 F.2d 1262 (10th Cir. 1989), the Tenth Circuit affirmed the district court's dismissal of a similar § 1981 claim by an attorney who alleged that the defendant newspaper had published false articles about him because he represented black people and thereby interfered with his prospective business opportunities. In affirming the district court's judgment, the Tenth Circuit stated:

> Plaintiff has alleged that defendants' actions have interfered with his "prospective business opportunities," (First Amended Complaint at ¶ 11), but we find that vague and conclusory allegation insufficient to state a deprivation of the right to make and enforce contracts that is protected by Section 1981. Plaintiff has the same right as others to enter into contracts with those who wish to contract with him. Even if the

3

> state has defamed him and thus arguably made him less attractive to some who otherwise might want to contract with him, the defamation does not deny him the basic right to contract.

886 F.2d at 1267. The Seventh Circuit has likewise held that "[a] claim for interference with the right to make and enforce a contract must allege the actual loss of a contract interest, not merely the possible loss of future contract opportunities." *Morris v. Office Max, Inc.*, 89 F.3d at 414-15.

Here, plaintiff essentially alleges that the negative publicity it has received has made doing business with it less desirable. The fact that others may find doing business with plaintiff less desirable, however, does not amount to interference in one's right to make or enforce a contract. Even as amended by the Civil Rights Act of 1991, "§ 1981's protections still center on contractual rights and . . . proof of a contractual relationship is necessary to establish a § 1981 claim." *Walker v. Abbott Laboratories*, 340 F.3d 471, 475 (7th Cir. 2003). Defamation does not become a § 1981 claim simply by claiming it is racially motivated. *Lewis v. Commerce Bank & Trust*, 2004 WL 813832, * 4 (D. Kan.).

Of even greater concern is the fact that allowing plaintiff to proceed under such a theory would have significant implications for the constitutionally protected right to a free press. In *New York Times v. Sullivan*, 376 U.S. 254 (1964), the Supreme Court overturned a State court's damage award against the New York Times for libel of a public figure because there had been no showing the Times had acted with actual malice. Given the importance of the free and open exchange of ideas for our system of government, the Court held that such a limitation on damage awards was necessary under the First and Fourteenth Amendments. 376 U.S. at 269-70, 282. Under plaintiff's theory of § 1981 liability, even truthful reporting would be actionable if it could be shown that it might adversely affect person's business relations, simply by alleging racial animus on the part of

4

the defendant. The court does not believe Congress intended such a result. For all of these reasons, plaintiff's § 1981 claim will be dismissed.

The remainder of plaintiff's claims arise under state law. Since the parties are not diverse, the sole basis for this court's supplemental jurisdiction over such claims is 28 U.S.C. § 1367. When a court has dismissed all of a party's federal claims, it is no longer appropriate for it to retain supplemental jurisdiction over the state claims. *Van Harken v. City of Chicago*, 103 F.3d 1346, 1354 (7th Cir. 1997). Accordingly, plaintiff's state claims will be dismissed as well.

**IT IS THEREFORE ORDERED** that defendant's motion for judgment on the pleadings is hereby **GRANTED.** Plaintiff's federal claims are **DISMISSED** with prejudice. Its state law claims are also **DISMISSED** without prejudice.

Dated this   18th   day of October, 2005.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
