# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DR. R.C. SAMANTA ROY INSTITUTE
OF SCIENCE AND TECHNOLOGY, INC.,

       Plaintiff,

    v.                                 Case No. 05-C-422

LEE ENTERPRISES, INC. and
TIM RYAN,

       Defendants.

---

DR. R.C. SAMANTA ROY INSTITUTE
OF SCIENCE AND TECHNOLOGY, INC.,

       Plaintiff,

    v.                                 Case No. 05-C-0423

JOURNAL BROADCAST GROUP, INC.,
d/b/a/ WGBA-TV, NBC 26,

       Defendant.

---

## ORDER PARTIALLY GRANTING MOTION FOR ATTORNEY FEES

---

Dr. R.C. Samanta Roy is the President of the Board of Directors for the Dr. R.C. Samanta Roy Institute of Science and Technology, Inc. ("SIST"), the plaintiff in the above actions. According to the complaints, Dr. R. C. Samanta Roy is of East Indian descent. SIST is a non-stock corporation whose sole statement of purpose is education. In an effort to finance its operations, SIST began purchasing real estate and businesses in and around Shawano, Wisconsin in 2000. SIST also owns several gas stations and/or other businesses in Minnesota.

After a series of what it considered unfavorable articles and editorials appeared in The

Shawano Leader, SIST commenced Case No. 05-C-422 against Lee Enterprises, Inc., the publisher

of The Shawano Leader, and Tim Ryan, a staff reporter (collectively "Lee"), accusing Lee of

violating its civil rights and conspiring to violate its civil rights under 42 U.S.C. § 1981 and § 1985.

SIST also asserted defamation, tortious interference with business expectancy and nuisance claims

against Lee. At or about the same time SIST commenced an almost identical action, Case No. 05-

C-423, against Journal Broadcasting Group, Inc. ("Journal"), in response to a series of news

broadcasts concerning SIST that had appeared on its Green Bay television station, WGBA-TV.

Four separate actions asserting similar claims were commenced against newspapers and television

stations in the Minneapolis area in the United States District Court for the District of Minnesota.

All of the actions have since been dismissed. In a Memorandum and Order entered on July

15, 2005, United States District Judge Paul M. Magnuson granted the motion of the Minnesota

defendants to dismiss the claims against them with prejudice. In separate Memoranda and Orders

of October 18, 2005, this court granted judgment on the pleadings in favor of the Journal and Lee

on plaintiff's § 1981 and § 1985 claims (the latter of which plaintiff abandoned in response to

defendant's motion for judgment on the pleadings), and dismissed plaintiff's state law claims for

lack of subject-matter jurisdiction. Both defendants have now moved for an award of attorney's

fees pursuant to 42 U.S.C. § 1988. For the following reasons, defendants' motion will be granted

in part and denied in part. In addition, based on the court's own motion, counsel for SIST will be

ordered to show cause why it has not violated Fed. R. Civ. P. 11(b).

Section 1988 provides that

in any action or proceeding to enforce a provision of sections 1977, 1978, 1979,
1980, and 1981 of the Revised Statutes [42 U.S.C. §§ 1981-1983, 1985, 1986] . . .

2

the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

While § 1988 states that a "prevailing party" is entitled to attorney's fees, courts have placed greater restrictions upon awards to prevailing defendants than upon awards to prevailing plaintiffs. Specifically, "a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 422 (1978). A defendant need not show, however, that the plaintiff litigated in "bad faith." *Id.*

I find that defendants are entitled to fees expended in defense of SIST's § 1985 claim. SIST did abandon this claim, but only after defendants moved for judgment on the pleadings and submitted briefs explaining why SIST's § 1985 claims were not viable. In particular, defendants pointed out that § 1985 claims ordinarily lie only when the defendant has acted under color of state law. *United Brotherhood of Carpenters v. Scott*, 463 U.S. 825, 833 (1983). While there are certain very limited exceptions to this rule, *see, e.g., Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 274 (1993) ("[T]he right to interstate travel [is], in at least some contexts, a right constitutionally protected against private interference."), SIST does not allege that defendants violated any right constitutionally protected against private interference. This failure renders SIST's § 1985 claim manifestly defective, and justifies an award of attorney's fees. *See Hamilton v. Daley*, 777 F.2d 1207, 1212 (7th Cir. 1985) ("[I]t is the responsibility of counsel to know the law and to know whether a claim is clearly foreclosed by precedent.").

I do not find SIST's § 1981 claim legally frivolous, however. In dismissing plaintiff's complaint, I noted that the Seventh Circuit has admonished plaintiffs that in order to state claims under 42 U.S.C. § 1981 or 1985, they must allege "particularized facts . . . that demonstrate that

3

. . . race was the reason for the defendant[s' ]action." *Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982). While *Jafree* remains valid Seventh Circuit caselaw, it is in tension with the Seventh Circuit's otherwise liberal interpretation of the federal rules' notice pleading requirements. *Cf. Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) (holding that, in order to state a claim under Title VII or 42 U.S.C. § 1983, "'I was turned down for a job because of my race' is all a complaint has to say."). I also held that plaintiff's complaint merely alleged that negative publicity had made doing business with it less desirable, and that this did not amount to interference with plaintiff's right to make or enforce contracts as protected by § 1981. *See Phelps v. Wichita Eagle-Beacon*, 886 F.2d 1262, 1267 (10th Cir. 1989). The Civil Rights Act of 1991, however, cast uncertainty over § 1981 jurisprudence by broadening the definition of "make and enforce contracts" to include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). Section 1981 has been held to proscribe not only discriminating by a contracting party at the contract formation stage, but also discriminatory interference by a third party with the exercise of the right to make a contract. *See Vakharia v. Swedish Covenant Hospital*, 765 F. Supp. 461, 471 (N.D. Ill. 1991). While I remain convinced that the nature of the injury SIST alleged is not of the kind § 1981 is intended to address, I decline to hold that the Tenth Circuit's decision in *Phelps* is so authoritative as to render SIST's claim legally frivolous.

And, of course, SIST's state law claims were dismissed without prejudice for lack of subject matter jurisdiction once the federal claims were found lacking. I did not even address the merits of those claims either legally or factually. Neither defendant is a "prevailing party" with respect to those claims and the court lacks jurisdiction to award attorney's fees. *See Sellers v. Local 1598, A.F.S.C.M.E.*, 614 F. Supp. 141 (E.D. Pa. 1985).

4

Defendants contend, however, that each of SIST's claims are factually groundless and represent nothing more than transparent attempts to punish them for unfavorable media coverage. They argue that the public records cited by the defendants in support of their motions for judgment on the pleadings, as well as Judge Magnuson's decision dismissing the Minnesota actions, suggest that SIST's claims for defamation and interference with business relationships are exceedingly weak, if not completely groundless. Defendants note, for example, that SIST's allegations of defamation are so vague and general that it is difficult to determine what they are alleged to have published about SIST that was false or defamatory. The allegations that SIST has purchased a substantial amount of property in the Shawano area, that gas stations owned by SIST were selling gas at less than the minimum price allowed by law and that taxes for some of its property were unpaid are matters of public record and are not even defamatory. Thus, to the extent SIST's factual allegations can be discerned, defendants contend they wholly fail to support the legal claims asserted.

Pointing to the importance of a free press, defendants argue that fee awards are necessary in these cases to protect First Amendment rights. They note that despite the fact that all six of SIST's lawsuits against news organizations in the last year have been dismissed, it has already filed a second action against Journal alleging similar claims arising out of its Green Bay television station's coverage of racing events at a racetrack SIST owns. Although the lawsuit was filed on July 15, 2005, Journal states it has yet to be served with a copy and contends that SIST is again using the threat of a baseless federal lawsuit to intimidate it from reporting on SIST's activities. (Second Aff. of Gregory B. Conway at ¶¶ 6-10.) In light of these facts, defendants contend that "[a]n award of fees is needed in this case to deter SIST from filing groundless civil rights lawsuits as a weapon used to suppress Journal's rights under the First Amendment and to shift the expense of this

5

groundless litigation to the party who needlessly created that expense." (Journal Br. In Supp. of Fee Request at 7.)

There appears to be some merit to defendants' argument. The difficulty for the court, however, is that SIST's § 1981 claim was dismissed at the pleading stage. It may well be true, as defendants contend, that SIST's allegations that the defendants published derogatory and false reports concerning its activities on account of the race of SIST's owner have no basis in fact and that SIST's lawsuits against news organizations in both Wisconsin and Minnesota were intended solely to intimidate those organizations and deter them from further reporting about SIST's activities. But without going beyond the pleadings, the court is unable to make such a determination on the record as it now stands. Having concluded that SIST's § 1981 claim failed as a matter of law and dismissed SIST's state law claims for lack of subject matter jurisdiction, the court is not in a position to make findings regarding the factual basis for the claims and the motive SIST had for making such allegations.

Notwithstanding this difficulty, however, I am reluctant to leave matters as they now stand. The allegations defendants make are serious and carry ramifications beyond the specific facts of these cases. The record reflects that SIST is a wealthy organization. In 2003, SIST reported total revenue of over almost $2.2 million and net assets valued at more than $3.6 million. (Aff. of Tony Kordus, Ex. C.) In the past year alone it filed at least seven separate lawsuits against news gathering organizations, including the defendants herein, a small-town community newspaper and a local television affiliate, alleging essentially identical claims against each one. The cost of defending SIST's lawsuits, which defendants put at more than $40,000 each, directly affects the compensation paid to the management and staff of these news organizations. (Aff. of Rod Christenson, ¶¶ 2-4; Aff. of Guyanne Taylor, ¶¶ 3-5.) If, as defendants contend, SIST is using unfounded federal civil

6

rights lawsuits against news organizations to punish them for unfavorable news coverage and to deter them from further reporting on its activities, it represents not only a threat to the financial interests of the two defendants before me, but also to the right of their readers and viewers to information about activities that may be of public importance. This court has a strong interest in insuring that it is not being used for such a purpose.

Based on the foregoing, I conclude that there is reason to believe that SIST and/or its attorney may have violated Rule 11(b)(1) and (3) of the Federal Rules of Civil Procedure in filing the complaints in the above matters. These provisions state that by signing or filing a pleading an attorney or party is certifying that the pleading "is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation," and that "the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . ." Fed. R. Civ. P. 11(b)(1) and (3). Pursuant to Rule 11(c)(1)(B), counsel for SIST is therefore directed to appear before this court and set forth the evidentiary support for the following allegations that appear in its complaints in these matters:

> 1. that "the defendants intentionally conspired with numerous other news media outlets" and published or broadcast "false, defamatory and discriminatory statements about [SIST]" concerning the Exxon gas station owned by SIST in Ankola, Minnesota. (Lee Compl. ¶ 7; Journal Compl. ¶ 6.)
>
> 2. that the defendants published and or broadcast defamatory statements concerning SIST with malicious intent and/or reckless disregard with the intended purpose of destroying, preventing and infringing upon contractual relationships between SIST, its businesses, its tenants and the consuming public. (Lee Compl. ¶ 18; Journal Compl. ¶ 14.)
>
> 3. that the actions of either defendant were "motivated by the racially and ethnically distinct background of Dr. Roy, President of the Board of Directors of SIST." (Lee Compl. at ¶ 19; Journal Compl. at ¶ 15.)

7

If no evidentiary support for these allegations is offered, the court will determine an appropriate sanction under Rule 11.

**IT IS THEREFORE ORDERED** that defendants' motion for attorney's fees pursuant to 42 U.S.C. § 1988 is hereby **GRANTED** with respect to plaintiff's § 1985 claim. Defendant shall submit an affidavit stating the amount of attorney's fees incurred in responding to that claim. In light of the Seventh Circuit's recent decision in *Budget Rent-A-Car System, Inc. v. Consolidated Equity LLC*, 428 F.3d 717 (7th Cir. 2005), counsel should use care in submitting their fee request to insure that it is reasonable. Defendants' motion is otherwise **DENIED.**

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 11(c)(1)(B), Attorney Rebekah M. Brown of the Westview Law Center shall appear before this court in its courtroom at 125 South Jefferson Street in Green Bay, Wisconsin on the 23rd day of February, 2006, at 9:15 a.m. and show cause why she and/or SIST has not violated Rule 11(b) in the manner described herein.

Dated this ___18th___ day of January, 2006.

s/ William C. Griesbach
William C. Griesbach
United States District Judge